United States District Court
Northern District of California

|  |  |
|---|---|
| MAI-TRANG THI NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY PELOSI, Speaker of the United States House of Representatives, and MITCH MCCONNELL, Minority Leader of the United States Senate,<br><br>Defendants. | Case No. 20-CV-08755-LHK<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 11, 19, 20 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Plaintiff's *pro se* Second Amended Complaint ("SAC") claims that Speaker Nancy Pelosi and Senator Mitch McConnell (together, "Defendants") have violated the U.S. Constitution's Treason Clause, Art. III, § 3, cl. 1. *See* SAC at 3, ECF No. 11. The crux of Plaintiff's SAC is that Defendants negligently "fail[ed] to do their jobs as top government officials to vindicate the results of the coronavirus-infected [p]resident[ial] [e]lection of 2020." *Id.* at 6.[1] Thus, as Plaintiff

---

[1] In denying Plaintiff's application to proceed *in forma pauperis*, the Court held that Plaintiff's original complaint (ECF No. 1) and first amended complaint (ECF No. 6) were frivolous. ECF Nos. 5, 9 (denying application and motion for reconsideration). Plaintiff then paid her filing fee and filed the operative SAC. The SAC is substantially alike the prior frivolous complaints.

1
Case No. 20-CV-08755-LHK
ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

1 recognizes, her suit must fall within the Federal Tort Claims Act's ("FTCA") waiver of sovereign immunity to proceed. *See* SAC at 3 (citing FTCA as basis for jurisdiction); *accord* 28 U.S.C. § 1346(b)(1) (waiving sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment").

Yet sovereign immunity bars Plaintiff's suit because the SAC names the wrong defendants under the FTCA. "A suit under the FTCA must be 'against the United States,' and the United States is the only proper defendant in a suit under the FTCA." 14 Wright & Miller, Federal Practice & Procedure: Jurisdiction § 3658 (4th ed. Apr. 2021 update) (collecting cases). The SAC fails to name the United States as a defendant, let alone the sole defendant. This failure warrants dismissal of the SAC. *See, e.g.*, *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (Kennedy, J.) (affirming dismissal because United States was not sole defendant); *Banks v. Roberts*, 251 F. App'x 774, 777 (3d Cir. 2007) (per curiam) (same).

Moreover, the Court may dismiss the SAC *sua sponte* because sovereign immunity "goes to a court's jurisdiction." *Dep't of Treasury-I.R.S. v. Fed. Lab. Rels. Auth.*, 521 F.3d 1148, 1152 (9th Cir. 2008). As court of appeals have instructed in FTCA cases, a district court should "*sua sponte* dismiss[] the claim on jurisdictional grounds" if plaintiff "did not sue the United States, the only proper defendant under the Federal Tort Claims Act." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 185 (5th Cir. 1988); *see also, e.g.*, *Summa v. United States*, 936 F.2d 584 (10th Cir. 1991) (holding that the district court should have *sua sponte* dismissed for lack of jurisdiction under the FTCA).

Accordingly, the Court DISMISSES the SAC with leave to amend. Should Plaintiff elect to file a third amended complaint curing the deficiencies identified herein, Plaintiffs shall do so within 30 days of the date of this order. Failure to meet the 30-day deadline to file a third amended complaint or failure to cure the deficiencies identified in the Court's orders will result in dismissal of the deficient claims with prejudice.

Finally, the Court (1) DENIES as moot Plaintiff's petition to change name of the Defendants, ECF No. 19; (2) CONTINUES the June 23, 2021 case management conference to

2

Case No. 20-CV-08755-LHK
ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

August 25, 2021 at 2:00 p.m.; and (3) DENIES as moot Plaintiff's motion to reschedule the initial case management conference, ECF No. 20.

**IT IS SO ORDERED.**

Dated: June 17, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge